# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1392

_____

United States of America

*Appellee*

v.

Juan A. Johnson

*Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: August 7, 2012
Filed: August 17, 2012
[Unpublished]

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Juan Johnson pleaded guilty to wire fraud, in violation of 18 U.S.C. §§ 1343, 2. The district court[1] sentenced him to time served in prison plus three years of

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

supervised release, and entered a restitution judgment ordering him to pay restitution in the amount of $74,724.02. On appeal, Mr. Johnson's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging that Mr. Johnson entered into a written plea agreement containing an appeal waiver, but raising issues related to (1) the effectiveness of counsel, (2) Mr. Johnson's term of supervised release, and (3) the amount of restitution Mr. Johnson was ordered to pay. Mr. Johnson has filed a pro se supplemental brief raising essentially the same issues.

We decline to address Mr. Johnson's ineffective-assistance arguments in this direct criminal appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings). With respect to Mr. Johnson's challenge to his supervised-release term, we conclude that the appeal waiver bars our review. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (setting forth standard for enforcing appeal waivers). As to Mr. Johnson's challenge to the restitution amount, we find that the issue is outside the scope of the appeal waiver, but we conclude that the restitution judgment does not reflect any error, much less plain error. See United States v. Moten, 551 F.3d 763, 768 (8th Cir. 2008) (18 U.S.C. § 3663A authorizes restitution for all losses caused, not simply losses that wound up in defendant's own pocket); see also United States v. Louper-Morris, 672 F.3d 539, 566 (8th Cir. 2012) (restitution order reviewed for plain error when defendant did not challenge it at sentencing). Finally, having independently reviewed the record under Penson v. Ohio, 488 U. S. 75 (1988), we find no nonfrivolous issue beyond the scope of the appeal waiver.

Accordingly, we decline to consider Mr. Johnson's ineffective-assistance arguments; we enforce the appeal waiver with respect to his supervised-release term; we affirm the restitution judgment; and we grant counsel permission to withdraw,

subject to counsel informing Mr. Johnson about procedures for seeking rehearing or filing a petition for certiorari.

_____